**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYNN E. SCOTT,

      Petitioner-Appellant,

v.

STEVEN GREEN, Warden of BVCC,

      Respondent-Appellee.

No. 10-1333
(D.C. No. 1:10-CV-881-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

    Lynn Scott was convicted of various crimes in Colorado state court and is incarcerated at a Colorado correctional facility. This case began when he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he was being held in violation of due process and the Eighth Amendment. The district court denied the petition, holding that Mr. Scott had failed to exhaust state court remedies before filing his federal habeas petition. The court also denied Mr. Scott's subsequent motion for reconsideration.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In an effort to challenge these rulings, Mr. Scott filed a notice of appeal. To appeal, however, he first requires a certificate of appealability (COA). We thus construe his notice of appeal as an application for the needed certificate. *See* Fed. R. App. P. 22(b)(2). A COA cannot issue unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2241 petition on procedural grounds, a COA is warranted only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Scott proceeds *pro se*, we afford his submissions a solicitous construction.

Even doing so, we cannot help but conclude that no COA is warranted. The district court correctly ruled that Mr. Scott failed to exhaust his claims in state court before seeking federal relief, and amply explained the reasons why this is so. Before us, Mr. Scott complains that any attempt to remedy this problem, to seek to exhaust his claims in state court now, would be barred by state procedural law as untimely. For this reason, he asks us to excuse his exhaustion problem. We cannot do so. A state rule of procedure barring a petitioner's claim must be respected unless and until the petitioner can show either that (1) good cause exists for his failure to meet its demands "and actual prejudice as a result of [his] alleged violation of federal law," or (2) "failure to consider [his] claims will result in a fundamental miscarriage of justice." *Magar v. Parker*, 490 F.3d 816,

- 2 -

819 (10th Cir. 2007).  Mr. Scott has not convincingly shown that either of these exceptions pertains to his case.  So it is that we deny Mr. Scott's COA application, dismiss his appeal, and deny his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge